Matter of T.C. (S.D.) (2025 NY Slip Op 05145)

Matter of T.C. (S.D.)

2025 NY Slip Op 05145

Decided on September 25, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: September 25, 2025

Before: Webber, J.P., Kapnick, Gesmer, Higgitt, Hagler, JJ. 

Docket No. NN-19146-50/23|Appeal No. 4725-4725A|Case No. 2024-02867, 2024-02935|

[*1]In the Matter of T.C. and others, Children Under Eighteen Years of Age, etc., Administration for Children's Services, Petitioner-Respondent, S.D., Respondent-Appellant. 

Andrew J. Baer, New York, for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York (Eva L. Jerome of counsel), for respondent.
Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), attorney for the child T.C.
Donna C. Chin, New York, attorney for the child L.D.
Steven N. Feinman, White Plains, attorney for the child S.D.
Daniel X. Robinson, New York, attorney for the children Sha D. and Shay D.

Order of disposition, Family Court, Bronx County (Sarah P. Cooper, J.), entered on or about March 6, 2024, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about March 5, 2024, which, after a hearing, found that respondent father was a person legally responsible for the subject child T.C., and that he neglected T.C. and the subject children L.D., Sha.D., Shai.D., and Shay.D., unanimously affirmed, without costs. Appeal from fact-finding order, unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the finding that the father neglected the subject children by failing to exercise a minimum degree of care in providing them with proper supervision or guardianship. The evidence showed that the father's actions during a May 6, 2023 altercation with the children's mother and her boyfriend in the children's presence, in which he brought his pit bull and taser gun outside to intimidate the mother's boyfriend, placed the children at imminent risk of physical and emotional harm (see Matter of V.B. [Nicole A.], 231 AD3d 527, 527 [1st Dept 2024]).
T.C.'s out-of-court statement to the caseworker that the father appeared to have a black handgun in his hand during the altercation was corroborated by the father's admission that he had, in fact, brought a taser gun outside during the altercation (see Family Court Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118 [1987]). Moreover, T.C.'s out-of-court statement to the caseworker that the father hit him with a closed fist just before the incident was corroborated by the father's own testimony that he previously had hit T.C. On this record, the Family Court providently exercised its discretion in determining that the father's contradictory statements were not credible, and that the testimony of the caseworker was (see Matter of Any G. v Ayman H., 208 AD3d 1097, 1098 [1st Dept 2022]; Matter of Luna O. [Eneudis T.O.], 232 AD3d 799, 801 [2d Dept 2024]).
The evidence also showed that after T.C. texted the mother asking if he could return home, the father punched T.C. in the face with enough force to cause swelling. This conduct exceeded any common-law right to use reasonable force to discipline T.C. (see Matter of Rahmel G. [Carlene G.], 201 AD3d 567 [1st Dept 2022]). Additionally, in the days after the May 6 incident, the father neglected Sha.D. by forcing her to walk six blocks home to the mother's apartment while the child was wearing only socks on her feet (see Matter of Treyvone A. [Manuel R.], 188 AD3d 1182, 1183 [2d Dept 2020], lv denied 36 NY3d 908 [2021]).
We have considered the father's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 25, 2025